JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JACQUELINE MARIE DENICH,

Plaintiff,

v.

CONNEXIN SOFTWARE, INC., *et al.*,

Defendants.

Case No. 2:25-cv-12323-FLA (AJRx)

**ORDER REMANDING ACTION**

**<u>RULING</u>**

On November 25, 2025, Plaintiff Jacqueline Marie Denich ("Plaintiff") filed the Complaint in this action in the San Luis Obispo County Superior Court, asserting nine claims against Defendant Connexin Software, Inc. ("Defendant") related to discrimination, retaliation, and termination for taking pregnancy leave.  Dkt. 1-2 ("Compl.")[1] ¶¶ 10–99.

On December 30, 2025, Defendant removed the action to this court, alleging diversity jurisdiction under 28 U.S.C. § 1332.  Dkt. 1 ("NOR").  While the Complaint does not state the amount sought by Plaintiff expressly, *see* Compl., Defendant argues the amount in controversy exceeds $75,000, based on Plaintiff's claims for unpaid wages, commissions, improperly calculated wages, punitive damages, and attorney's fees, NOR at 3.

On January 8, 2026, the court ordered the parties to show cause ("OSC") why the action should not be remanded for lack of subject matter jurisdiction due to an insufficient amount in controversy.  Dkt. 10.  Defendant filed a response ("Response") on January 21, 2026.  Dkt. 11 ("Def. Resp.").  Plaintiff did not file a response.

Having reviewed the Notice of Removal and Defendant's response to the OSC, the court finds Defendant fails to establish the court has subject matter jurisdiction and REMANDS this action to the San Luis Obispo County Superior Court.

**<u>DISCUSSION</u>**

**I.      Legal Standard**

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by the Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. Const. art. III, § 2, cl. 1.  District courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the

---

[1] Citations to the Complaint refer to pages 2–20 of Dkt. 1-2.  The court cites documents by the page numbers added by the court's CM/ECF System, rather than any page numbers included natively.

record.  *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n. 3 (2006).  Additionally, federal courts have an obligation to examine jurisdiction sua sponte before proceeding to the merits of a case.  *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).

Most commonly, federal courts have subject matter jurisdiction where: (1) an action arises under federal law (federal question jurisdiction), 28 U.S.C. § 1331; or (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and the citizenship of each plaintiff is diverse from that of each defendant (diversity jurisdiction), 28 U.S.C. § 1332(a).  Except as otherwise provided by an act of Congress expressly, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant or the defendants" to the district court for the district and division where the action is pending.  28 U.S.C. § 1441.

A defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).  "[W]hen the plaintiff contests, or the court questions, the defendant's allegation," "both sides [must] submit proof," at which point "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.* at 88–89.  Courts "strictly construe the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  *Id*.

II.     **Analysis**

Defendant's Notice of Removal does not include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.  Indeed, the Notice of Removal totals three-and-a-half

pages, of which only two paragraphs are devoted to the amount in controversy requirement. NOR. The first paragraph consists of a single sentence, recounting Plaintiff's nine causes of action. *Id.* at 3. The second paragraph merely alleges in conclusory fashion that the $75,000 threshold is met "[a]fter factoring in the claim for general damages [and] attorney's fees and punitive damages." *Id.* Such allegations are not sufficient to meet Defendant's burden in attempting removal, especially when the Complaint does not contain a specific amount of damages sought. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("[R]emoval cannot be based simply upon conclusory allegations where the *ad damnum* is silent.") (citation and internal quotation marks omitted).

The court's OSC "encouraged [the parties] to submit evidence and/or judicially noticeable facts" to support removal. Dkt. 10 at 3. Defendant's Response fails to provide any evidence or facts. *See* Def. Resp. The three paragraphs of Defendant's Response merely: (1) restate Plaintiff's allegations of willful, malicious, and oppressive misconduct and her requests for general and special damages, attorney's fees, and injunctive relief; (2) repeat the nine causes of action; and (3) state in conclusory fashion that the $75,000 threshold is met. *Id.* at 1–2. Defendant's Response is insufficient to establish this court's subject matter jurisdiction.

As Defendant fails to provide any evidence for the court to consider the merits of removability—for instance, evidence of Plaintiff's salary or a citation to any analogous case—the court must conclude that it lacks jurisdiction over this action. Accordingly, the court REMANDS the action to the San Luis Obispo County Superior Court.

/ / /

/ / /

/ / /

4

**CONCLUSION**

Given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, *see Gaus*, 980 F.2d at 566, the court finds Defendant has not established by a preponderance of the evidence that the amount in controversy meets the jurisdictional minimum for diversity jurisdiction. *See* 28 U.S.C. § 1332.  The court, therefore, REMANDS the action to the San Luis Obispo County Superior Court, Case No. 25CV-0746.  All dates and deadlines in this action are VACATED.  The Clerk of the Court shall close the action administratively.

IT IS SO ORDERED.

Dated: February 24, 2026

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge

5